Scott S. Thomas, Bar No. 106720
sst@paynefears.com
Sarah J. Odia, Bar No. 357225
sjo@paynefears.com
Sarah P. Long, Bar No. 251850
spl@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Plaintiff Pulte Home
Company, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

Pulte Home Company, LLC, a
Michigan limited liability company,

        Plaintiff,

      v.

Ironshore Specialty Insurance
Company, an Arizona corporation;
United Specialty Insurance Company, a
Delaware corporation; Liberty Mutual
Fire Insurance Company, a Wisconsin
corporation; Old Republic Insurance
Company, a Pennsylvania corporation;
Peleus Insurance Company, a Virginia
corporation; Great American Assurance
Company, an Ohio corporation; Starr
Indemnity & Liability Company, a
Texas corporation; Gemini Insurance
Company, a Delaware corporation;
Benchmark Insurance Company, a
Kansas corporation; Clear Blue
Specialty Insurance Company, a Texas
corporation; First Specialty Insurance
Corporation, a Missouri corporation;
General Security Indemnity Company
of Arizona, a New York corporation;
and Continental Casualty Company, an
Illinois corporation,

        Defendants.

Case No. 8:25-cv-02087

**COMPLAINT FOR:**

**(1) DECLARATORY JUDGMENT;**

**(2) BREACH OF CONTRACT – DUTY TO DEFEND;**

**(3) BREACH OF CONTRACT – DUTY TO INDEMNIFY; AND**

**(4) BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING (BAD FAITH)**

**DEMAND FOR JURY TRIAL**

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Plaintiff Pulte Home Company, LLC ("Pulte" or "Plaintiff"), alleges as follows:

## **PARTIES**

1.     Pulte Home Company, LLC is a Michigan limited liability company. Its sole member is Pulte Diversified Group, LLC. Pulte Diversified Group, LLC's sole member is PulteGroup, Inc. PulteGroup, Inc. is a Michigan corporation with its principal place of business in Georgia. Pulte Home Company, LLC is the successor by conversion of Pulte Home Corporation.

2.     Plaintiff is informed and believes, and on that basis alleges, that Ironshore Specialty Insurance Company ("Ironshore") was and is an Arizona corporation with its principal place of business in New York.

3.     Plaintiff is informed and believes, and on that basis alleges, that United Specialty Insurance Company ("USIC") was and is a Delaware corporation with its principal place of business in Texas.

4.     Plaintiff is informed and believes, and on that basis alleges, that Liberty Mutual Fire Insurance Company ("Liberty Mutual") was and is a Wisconsin corporation with its principal place of business in Massachusetts.

5.     Plaintiff is informed and believes, and on that basis alleges, that Old Republic Insurance Company ("Old Republic") was and is a Pennsylvania corporation with its principal place of business in Pennsylvania.

6.     Plaintiff is informed and believes, and on that basis alleges, that Peleus Insurance Company ("Peleus") was and is a Virginia corporation with its principal place of business in Virginia.

7.     Plaintiff is informed and believes, and on that basis alleges, that Great American Assurance Company ("Great American") was and is an Ohio corporation with its principal place of business in Ohio.

8.     Plaintiff is informed and believes, and on that basis alleges, that Starr Indemnity & Liability Company ("Starr") was and is a Texas corporation with its

1   principal place of business in New York.

2      9.    Plaintiff is informed and believes, and on that basis alleges, that Gemini

3   Insurance Company ("Gemini") was and is a Delaware corporation with its principal

4   place of business in Arizona.

5      10.    Plaintiff is informed and believes, and on that basis alleges, that

6   Benchmark Insurance Company ("Benchmark") was and is a Kansas corporation

7   with its principal place of business in Minnesota.

8      11.    Plaintiff is informed and believes, and on that basis alleges, that First

9   Specialty Insurance Corporation ("First Specialty") was and is a Missouri

10  corporation with its principal place of business in Missouri.

11     12.    Plaintiff is informed and believes, and on that basis alleges, that Clear

12  Blue Specialty Insurance Company ("Clear Blue") was and is a Texas corporation

13  with its principal place of business in Puerto Rico.

14     13.    Plaintiff is informed and believes, and on that basis alleges, that

15  General Security Indemnity Company of Arizona ("General Security") was and is a

16  New York corporation with its principal place of business in Arizona.

17     14.    Plaintiff is informed and believes, and on that basis alleges, that

18  Continental Casualty Company ("Continental") was and is an Illinois corporation

19  with its principal place of business in Illinois.

20                    **JURISDICTION AND VENUE**

21     15.    This Court has original jurisdiction over this action founded on

22  diversity of citizenship pursuant 28 U.S.C. §1332, because the matters in

23  controversy exceed $75,000 per Defendant, exclusive of interest and costs, and

24  because complete diversity exists between Pulte and Defendants.

25     16.    Venue is proper in this Court in accordance with 28 U.S.C. §1391(b)(2)

26  since a substantial part of the events or omissions giving rise to the claims occurred

27  in this district.

28  / / /

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

# GENERAL ALLEGATIONS

## The Rancho Mirage Project

17.     Pulte is a homebuilder that participated in the construction of the residential project known as Rancho Mirage, with subdivisions including the Retreat, Encore, and Classic, located in Rancho Mirage, California, County of Riverside (the "Project").

18.     Pulte performed no work on the Project; instead, subcontractors performed all of the work.

19.     20/20 Plumbing & Heating, Inc. ("20/20") subcontracted with Pulte to, among other things, perform HVAC work at the Project.

20.     Nevada Window Supply, Inc. dba ABC Window Systems ("ABC") subcontracted with Pulte to, among other things, manufacture and install windows and sliding glass doors at the Project.

21.     BFS Asset Holdings, LLC f/k/a BMC West, LLC ("BMC") subcontracted with Pulte to, among other things, perform carpentry and framing work at the Project.

22.     Builder Services Group, Inc. d/b/a Truteam of California ("Truteam") subcontracted with Pulte to, among other things, install garage doors and gutters at the Project.

23.     Champion Windows, Inc. ("Champion") subcontracted with Pulte to, among other things, install windows and sliding glass doors at the Project.

24.     Express Contractors, Inc. ("Express") subcontracted with Pulte to, among other things, install countertops and granite at the Project.

25.     Fenceworks, LLC f/k/a Fenceworks, Inc. ("Fenceworks") subcontracted with Pulte to, among other things, install fences at the Project.

26.     Hermanos Grading Inc. dba Ortega Construction ("Hermanos") subcontracted with Pulte to, among other things, perform rough and final grading work at the Project.

PAYNE & FEARS LLP

Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP

Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

27.  Homesite Services, Inc. ("Homesite") subcontracted with Pulte, to among other things, install shower and tub enclosures at the Project.

28.  Interior Specialist, Inc. d/b/a Interior Logic Group ("ISI") subcontracted with Pulte to, among other things, install carpet and ceramic tile flooring at the Project.

29.  J Ginger Masonry, L.P. ("J Ginger") subcontracted with Pulte to, among other things, perform masonry and brick veneer work at the Project.

30.  Leonard Roofing, Inc. ("Leonard") subcontracted with Pulte to, among other things, install roofing and sheet metal at the Project.

31.  MB Plastering aka P-Ayon Plastering ("MB Plastering") subcontracted with Pulte to, among other things, install stucco at the Project.

32.  Next Level Door and Millwork, Inc. ("Next Level") subcontracted with Pulte to, among other things, perform finish carpentry work at the Project.

33.  NP Mechanical, Inc. ("NP Mechanical") subcontracted with Pulte to, among other things, install plumbing and fire sprinkler systems at the Project.

34.  Colton Group, Inc. d/b/a On Trac Garage Door Company and On Trac Garage Doors ("On Trac") subcontracted with Pulte to, among other things, install garage doors at the Project.

35.  Platinum Landscape, Inc. ("Platinum") subcontracted with Pulte to, among other things, perform landscaping work at the Project.

36.  Premier Contractors, Inc. ("Premier") subcontracted with Pulte to, among other things, perform drywall work at the Project.

37.  PSLQ, Inc. dba GreenBee Service ("GreenBee") subcontracted with Pulte to, among other things, install concrete foundations and flatwork at the Project.

38.  Schwartz Construction ("Schwartz") subcontracted with Pulte to, among other things, install windows and sliding glass doors at the Project.

39.  Win-Dor, LLC f/k/a Win-Dor, Inc. ("Win-Dor") subcontracted with

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1  Pulte to, among other things, manufacture and install specialty glass doors at the

2  Project.

3       40.    The subcontractors referenced in paragraphs 19 through 39 of this

4  Complaint shall be referred to collectively as the "Named Insured Subcontractors."

5       41.    Each of the Named Insured Subcontractors performed work at the

6  Project pursuant to one or more written subcontracts that it entered into with Pulte.

7  Each subcontract required the Named Insured Subcontractors to maintain

8  commercial general liability insurance with minimum limits of $1,000,000

9  combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000

10  products/completed operations aggregate, and to name Pulte and its affiliates as

11  additional insureds under those insurance policies.

12  **The Policies**

13       42.    Upon information and belief, the Named Insured Subcontractors

14  obtained commercial general liability policies from Defendants, as follows:

| Defendant Insurer | Named Insured Subcontractor | Policy No. | Policy Period |
|---|---|---|---|
| Benchmark | MB Plastering | BIC5019377 BIC5020852 | 02/17/19-03/25/20 |
| Clear Blue | Next Level | AR01-RS-2203918-00 AR01-RS-2203918-01 AR01-RS-2203918-02 | 02/28/22-02/28/25 |
| Clear Blue | NP Mechanical | AR01-RS-2103595-00 AR01-RS-2103595-01 AR01-RS-2103595-02 | 12/18/21-12/18/24 |
| Clear Blue | On Trac | AR01-RS-2205083-00 AR01-RS-2305083-01 AR01-RS-2405083-02 | 09/30/22-09/30/25 |
| Clear Blue | GreenBee | AR01-RS-2204629-00 AR01-RS-2406033-01 AR01-RS-2406033-02 | 07/08/22-04/16/25 |
| Continental Casualty | Win-Dor | 7039993523 | 09/01/23-09/01/24 |
| First Specialty | Next Level | IRG200233703 | 02/28/18-02/28/19 |

PAYNE & FEARS LLP

Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

| Defendant Insurer | Named Insured Subcontractor | Policy No. | Policy Period |
|---|---|---|---|
| Gemini | Hermanos | VCGP026682<br>VCGP027996 | 06/11/21-06/11/23 |
| General Security | Premier | GSA463912123400<br>GSA463912123401<br>GSA463912123402 | 01/14/22-01/14/25 |
| Great American | Fenceworks | GLP1855264<br>GLP2551083 | 07/01/17-07/01/19 |
| Ironshore | 20/20 | AGS0090100<br>AGS0090101<br>AGS0090102<br>AGS0090103 | 03/26/15-03/26/19 |
| Liberty Mutual | BMC | EB5661067195038<br>EB5661067195039<br>TB2-651-004212-111<br>TB2-651-004212-112<br>TB2-C51-004212-113<br>TB2-C51-004212-114 | 12/01/18-12/01/24 |
| Old Republic | Truteam | MWZY313071<br>MWZY31307119<br>MWZY31307120<br>MWZY31307121<br>MWZY31307122<br>MWZY31307123 | 06/30/18-06/30/24 |
| Old Republic | Win-Dor | MWZY-314067-22 | 09/01/22-09/01/23 |
| Peleus | Champion | 103GL0018667-00<br>103GL0018667-01<br>103GL0018667-02 | 6/29/17-8/28/20 |
| Peleus | Premier | AU4190006-0<br>103GL002222-801<br>103GL002222-802<br>164GL002222-803<br>164GL002222-804<br>164GL002222-805 | 01/14/17-01/14/23 |
| Peleus | GreenBee | 103GL0034724-00<br>164GL0034724-01<br>164GL0034724-02 | 04/16/20-04/16/23 |

7
COMPLAINT

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

| Defendant Insurer | Named Insured Subcontractor | Policy No. | Policy Period |
|---|---|---|---|
| Peleus | Win-Dor | 103GL0022864-00<br>103GL0022864-01<br>103GL0022664-02<br>164GL0022864-03<br>164GL0022864-04 | 04/01/18-04/01/23 |
| Starr | ISI | 1000025503171<br>1000025503181<br>1000025503191<br>1000025503201<br>1000025503211<br>1000025503221<br>1000025503231 | 05/15/17-11/15/24 |
| Starr Indemnity | Fenceworks | 1000025734191<br>1000025734201<br>1000025734211<br>1000025734221<br>1000025734231 | 07/01/19-07/01/24 |
| USIC | 20/20 | LIG0049800<br>ATN2016067<br>ATN2127705<br>ATN2231594<br>ATN2346049 | 3/26/19-3/30/24 |
| USIC | ABC | BTO1558024<br>BTO1669021<br>ATNSF1771206<br>ATNSF1883334<br>ATN1995367<br>ATN20107060<br>ATN21119814<br>AUN22125326<br>ATN2327678 | 11/01/15-11/01/24 |
| USIC | Champion | ATN2016792<br>ATN2128498<br>AUN2235031<br>ATN2346825 | 8/28/20-8/28/24 |

| Defendant Insurer | Named Insured Subcontractor | Policy No. | Policy Period |
|---|---|---|---|
| USIC | Express | ATN-SF1750816 ATN-SF1862097 ATN1974914 ATN2086127 ATN20197848 ATN22101656 ATN23116111 ATN24128454 | 07/09/17-04/01/25 |
| USIC | Fenceworks | ATN2317913 | 12/31/23-12/31/24 |
| USIC | Hermanos | ATN-SF1720706 ATN-SF1831996 ATN-SF1944730 LIG0075900 ATN2316468 | 06/11/17-06/11/21; 06/11/23-06/11/24 |
| USIC | Homesite | ATNSF1871585 ATNSF1984088 ATN2095959 ATN21107805 ATN22111636 ATN23126087 | 03/01/18-04/01/24 |
| USIC | J Ginger | ATN1881404 ATN-1994911 ATN20106644 ATN21118352 ATN22122275 ATN23136523 ATN-SF1823346 ATN2159856 AUN2265377 ATN2377714 | 07/23/18-11/14/24 |
| USIC | Leonard | ATNSF1761273 ATN-SF1873384 | 11/27/17-11/27/19 |
| USIC | Next Level | ATN-SF1914006 ATN2025849 ATN2137607 | 02/28/19-02/28/22 |
| USIC | On Trac | ATN2118540 | 09/01/21-09/01/22 |

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

COMPLAINT

| Defendant Insurer | Named Insured Subcontractor | Policy No. | Policy Period |
|---|---|---|---|
| USIC | Platinum | ATN-SF1740840<br>ATN-SF1853012<br>ATN-SF1964860<br>ATN20766602<br>ATN2188331<br>ATN-2292252<br>ATN-23106630 | 07/17/17-07/17/25 |
| USIC | Premier | LIG0042300<br>LIG0042301<br>ATN2016675<br>ATN2117436 | 01/14/19-01/14/22 |
| USIC | GreenBee | DBRUS000304-00<br>DBRUS000304-01 | 04/16/18-04/16/20 |
| USIC | Schwartz | ATNSF1823335<br>ATN1935366<br>ATN2047059<br>ATN2159816<br>AUN2265336 | 11/01/18-11/01/23 |

43.    The policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of, related to, or caused in whole or in party by the Named Insured Subcontractors' work.

44.    The coverage afforded under the policies requires Defendants to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of the Named Insured Subcontractors' work or operations.

45.    Upon information and belief, Defendants may have issued additional insurance policies, which are not specifically listed in this Complaint.

**The *Love* and *Ballon* Claims**

46.    On October 31, 2023, homeowners filed a Complaint for Damages, entitled *Patrick James Love, et al. v. Pulte Home Company, LLC*, Case No. CVRI2305850, pending before the Riverside County Superior Court of the State of

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

California, alleging property damage to their homes as a result of defective construction, including, but not limited to faulty soil compaction, faulty existing underlying soils and expansive soils resulting in soil movement and damage to the structures, concrete slabs, flatwork and foundation defects; plumbing defects; electrical defects; drainage defects; roof defects; HVAC defects; waterproofing defects; window and door defects; landscaping and irrigation defects; framing, siding and structural defects; ceramic tile, vinyl flooring and countertop defects; drywall defects; fence and retaining wall defects; cabinet and wood trim defects; fireplace and chimney defects; tub and shower door defects; painting defects; sheet metal defects; and stucco defects. The homeowners may have also served Notices of Claim pursuant to Civil Code section 895, *et seq.* The Notices of Claims and Complaints, including all supplemental notices and amended Complaints, in the *Love* matter are referred to as the "*Love* Claim."

47.     On September 6, 2024, homeowners filed a separate Complaint for Damages, entitled *Alfred and Martha Ballon, et al. v. Pulte Home Company, LLC*, Case No. CVRI2404942, also pending before the Riverside County Superior Court of the State of California, alleging property damage to their homes as a result of defective construction, including, but not limited to excessive stucco cracking; severe sand infiltration through the windows and glass sliding doors; windows and doors show air/sand infiltration; sealant omitted at wood trim to window frame intersection; water infiltration at sliding glass doors and windows; concrete pitted in driveways and stained in various locations; retaining and site walls are allowing unintended water to pass through its moisture barrier resulting in excessive efflorescence and staining; leaks at tub plumbing; ceramic tiles fractured at shower wall; gypsum wallboard deficiencies including but not limited to cornbread separation and separations at window frames; HVAC vents inoperable.  The homeowners also served Notices of Claim pursuant to Civil Code section 895, *et seq.* The Notices of Claims and Complaints, including all supplemental notices and

PAYNE & FEARS LLP

Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

amended Complaints, in the *Ballon* matter are referred to as the "*Ballon* Claim."

48. On July 7, 2025, the Court ordered the *Love* and *Ballon* cases consolidated with *Love* being the lead case.

49. The *Love* and *Ballon* matters are collectively referred to herein as the "*Love/Ballon* Claims."

50. The *Love/Ballon* Claims include allegations of defects and resultant damage arising out of the Named Insured Subcontractors' work.

51. The *Love/Ballon* Claims are ongoing. As of the date of this Complaint, there are approximately four hundred sixty-five (465) sets of homeowners who have made claims for defects and damages as part of the *Love/Ballon* Claims. This number fluctuates given the ongoing nature of the claims.

52. As a result of the *Love/Ballon* Claims, Pulte has incurred and will continue to incur significant costs, including, but not limited to, forensic, investigative, and repair costs, attorneys' fees, and other expenses.

53. The plaintiff homeowners are seeking damages from Pulte for property damage arising out of and/or resulting from the Named Insured Subcontractors' work on the Project. If the plaintiff homeowners are successful in obtaining an award and/or judgment against Pulte, Pulte will have incurred liability arising out of and/or resulting from the work of the Named Insured Subcontractors.

54. Pulte tendered its defense and indemnity of the *Love/Ballon* Claims to each of the Defendants under the insurance policies listed herein, as well as any other policies issued by Defendants to the Named Insured Subcontractors, and/or tenders its defense and indemnity by way of this Complaint.

55. Each and every Defendant rejected and/or otherwise failed to respond to Pulte's tenders for defense and indemnity of the *Love/Ballon* Claims, and/or failed to reasonably defend and indemnify Pulte, leaving Pulte with substantial unreimbursed defense costs and facing potentially substantial damages to the homeowners.

PAYNE & FEARS LLP

Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

56.    Pursuant to the insurance policies issued by Defendants to their respective Named Insured Subcontractors, Defendants owe a duty to pay all of the defense fees and costs that Pulte incurred and will continue to incur in defending against the *Love/Ballon* Claims.

57.    Pursuant to the insurance policies issued by Defendants to their respective Named Insured Subcontractors, Defendants have a duty to indemnify Pulte for any liability Pulte incurs as a result of the *Love/Ballon* Claims for property damage that arises out of and/or that is caused in whole or in part by Defendants' respective Named Insured Subcontractors' work.

58.    Defendants breached their duties by refusing to defend Pulte. On information and belief, Defendants misrepresented policy provisions and/or material facts related to coverage, failed to make prompt payment of Pulte's demands for reimbursement of its defense costs, and/or otherwise failed to respond to Pulte's tender of its defense of the *Love/Ballon* Claims. As a result of Defendants' conduct, Pulte has been forced to expend significant resources defending itself against the *Love/Ballon* Claims and will continue to incur significant expenses defending against the *Love/Ballon* Claims, which are ongoing.

59.    Upon information and belief, Defendants failed to investigate or timely respond to Pulte's tender of defense and indemnity, if they responded at all.

60.    Upon information and belief, Defendants failed to consider the allegations in the pleadings, facts provided by Pulte, or facts easily discernable.

61.    Pleading further and in the alternative, in addition to these specific allegations based on insurance policy endorsements directly adding Pulte as an additional insured to each policy issued by Defendants and listed herein, each policy listed herein above contained a provision or provisions the effect of which is to allow Pulte to stand in the shoes of the Named Insured Subcontractors for purposes of coverage.

62.    The above is not an exclusive list of Defendants' potential liability to

PAYNE & FEARS LLP

Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Pulte as other theories of potential coverage and recovery may exist based on the specific policies and/or specific actions of each Defendant.

**Breach of Duty to Defend by USIC as to Certain Claims**

63.    In addition to actions described above applicable to all Defendants, Defendant USIC belatedly agreed to defend Pulte only as to claims related to work performed by subcontractors Champion, Express, 20/20,  and Platinum. However, USIC breached its duty to defend and acted in bad faith by (1) unreasonably delaying in its acceptance of a defense and its attempt to improperly assign defense counsel; (2) by unreasonably limiting its defense duties to its "equitable share"; (3) by refusing to provide Pulte with independent counsel despite the existence of a conflict requiring appointment of *Cumis* counsel; and (4) by refusing to pay for Pulte's defense costs through the date appointed defense counsel finally associated into the case. Facts supporting these claims are as follows:

64.    On or about January 30, 2024, Pulte tendered the defense of the *Love* Claim to USIC including for the claims against Champion, Express, 20/20, and Platinum.

65.    On April 19, 2024, USIC began forwarding reservation of rights letters to Pulte asserting that it "has agreed to participate in the defense of Pulte under a reservation of rights" through appointed counsel Lorber, Greenfield, & Olsen, LLP ("Lorber"). The letters further state that "USIC has agreed to participate in the defense of Pulte for its equitable share of the reasonable and necessary amounts incurred in the defense of Pulte."

66.    Pulte's defense counsel responded seeking clarification from USIC because USIC had asserted a right to appoint counsel but had only agreed to participate in Pulte's defense for its "equitable share" of Pulte's defense costs. This was a breach of USIC's duty to provide an immediate and complete defense of both covered and uncovered claims. Pulte also proposed that USIC participate in Pulte's defense through her firm instead of appointing Lorber as counsel.

PAYNE & FEARS LLP

Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

67.    On May 16, 2024, USIC indicated to Pulte's defense counsel that USIC was considering her proposal to participate in Pulte's defense through her firm. On May 23, 2024, USIC was "still considering" the proposal, and requested certain information which was promptly provided on May 24, 2024.

68.    On September 3, 2024, USIC sent a letter to Pulte indicating that USIC intended to satisfy its defense obligation through its retention of Lorber.

69.    On September 20, 2024, Pulte sent a letter to USIC explaining that up until Pulte's receipt of the September 3, 2024 letter, Pulte believed that USIC was considering defending Pulte through Pulte's chosen counsel's firm and had continued to incur defense costs. Accordingly, Pulte has a duty to reimburse Pulte for all defense fees and costs incurred during the time from tender to the association of Lorber as counsel. Pulte also indicated that, although it had a right to independent counsel, it would agree to the appointment of Lorber under certain litigation protocols intended to protect Pulte from USIC and Lorber's potential conflicts. Pulte specifically reserved its rights to independent counsel under Cal. Civ. Code §2860 and to the extent that USIC breached its duty to fully and promptly defend Pulte.

70.    On February 20, 2025, USIC sent a letter to Pulte demanding that Lorber be permitted to participate in Pulte's defense without any limitations and agreeing only to reimburse defense costs from the time of tender on January 30, 2024 to its April 19, 2024 agreement to appoint defense counsel.

71.    On March 12, 2025, Pulte responded to USIC pointing out USIC's five-month delay in responding to the September 20, 2024 letter and failure to respond to multiple communications from Pulte concerning Lorber's agreement to the proposed litigation protocols, and explaining that due to the conflicts of interest, Pulte must consent to the appointment of Lorber.

72.    Subsequently, Pulte and USIC engaged in negotiations concerning the litigation protocol governing Lorber's representation in the *Love* Claim.

73.    On July 2, 2025, Pulte sent an email to USIC again requesting that

USIC participate in its defense of the *Ballon* Claim.

74.     On July 14, 2025, USIC sent a letter to Pulte terminating the negotiations concerning the litigation protocols, requesting that Lorber be permitted to associate into the *Love* Claim as counsel, and again refusing to pay for any defense fees and costs incurred by Pulte after the April 19, 2024 letter stating it would appoint Lorber as defense counsel.

75.     On July 17, 2025, Pulte sent a letter to USIC indicating that Lorber has always had permission to associate into the *Love* case as defense counsel for Pulte subject to the terms of the litigation protocols which USIC and Lorber had agreed to in several other matters, and that Lorber should immediately associate in as counsel which would indicate Lorber's agreement to the litigation protocols which essentially set forth Lorber's ethical obligations to Pulte. Pulte also informed USIC that the Court had consolidated the *Love* case with the *Ballon* case and that they were now consolidated and considered a single action.

76.     After some additional discussion concerning the terms of Lorber's representation of Pulte, Lorber finally associated into the *Love/Ballon* case as counsel for Pulte on August 1, 2025.

77.     During the delay of over a year and a half between the January 30, 2024 tender to USIC's agreement to appoint Lorber to provide a limited defense, Pulte was forced to defend itself in the *Love* Claim. This is breach that is not cured by later agreement to defend under *Travelers Indem. Co. v. Centex Homes,* No. 11-CV-03638-SC, 2015 U.S. Dist. LEXIS 137898 (N.D. Cal. Oct. 7, 2015) (delays of as little as 13 and 67 days after responsive pleadings were due was a breach).

78.     By delaying in its agreement to defend, USIC breached its duty to defend and, thereby, waived any potential right it may have had to control the defense including any right to appoint defense counsel.

79.     In addition, USIC's agreement to pay only its equitable share of defense costs was a breach of its duty to defend immediately and completely.

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

COMPLAINT

80.    Further, USIC's delay in actually providing a defense for well over a year and a half from the time of tender on January 30, 2024 to the association of Lorber as counsel on August 1, 2025 was a breach of its duty to defend immediately and completely.

81.    Despite its waiver of any right to control the litigation and the existence of conflicts of interest, USIC further breached its duty to defend by refusing to agree to provide independent counsel to Pulte and, instead, insisting upon appointing its own chosen counsel, Lorber.

82.    USIC also breached its duty to defend by failing and refusing to fully reimburse Pulte for defense costs incurred from the time of tender through the date appointed counsel Lorber associated into the case and began defending Pulte on August 1, 2025.

83.    Moreover, USIC's April 19, 2024 reservation of rights letter created an irreconcilable conflict of interest that warranted the appointment of independent *Cumis* counsel because appointed insurance defense counsel is in a position, through litigation tactics, including discovery, expert evaluations, and inspections, to control the outcome of the coverage issues in the underlying *Love/Ballon* Claims that will be contrary to Pulte's interest in this insurance liability case.

84.    Specifically, Pulte has an interest in developing evidence showing that the property damage alleged by the homeowners was caused, in whole or part, by USIC's named insured subcontractors' work, while USIC has an interest in proving that the homeowners' claims arise out of the work of other trades that are not insured by USIC. In addition, Pulte has an interest in proving that the damage alleged occurred during USIC's policy periods, while USIC has an interest in proving that the damage occurred outside of its policy periods.

85.    USIC could avoid the expense of expert investigation and destructive testing that can otherwise reveal damage to the properties other than the USIC's insured subcontractors' own work or showing that damage occurred during the

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1   policy period.

2       86.     Thus, the *Love/Ballon* Claims will involve factual determinations that

3   appointed counsel Lorber can use to determine the coverage afforded to Pulte.

4   Lorber has the incentive to litigate in a manner that favors the application of policy

5   exclusions to minimize coverage through factual development or non-development

6   showing that any damage was only to work performed by other trades and/or fell

7   outside of the Policy period.

8       87.     Further, USIC's bad faith conduct described above in delaying

9   acceptance of the claim, attempting to limit its defense duties, and delaying in the

10  association of Lorber as defense counsel underscores USIC's incentive to litigate the

11  *Love/Ballon* Claims in such a way as to minimize coverage at Pulte's expense.

## FIRST CAUSE OF ACTION

### Declaratory Judgment

### (By Pulte Against All Defendants)

15      88.     Pulte realleges the allegations contained in the preceding paragraphs

16  and incorporates them by reference as though fully set forth herein.

17      89.     Pulte is named as an additional insured or is a known third-party

18  beneficiary of each of the insurance policies issued by Defendants.

19      90.     An actual controversy has arisen and now exists between Plaintiff, on

20  the one hand, and Defendants, on the other hand, in that Plaintiff contends that it is

21  an additional insured under the policies listed herein, that Defendants owe a separate

22  and independent duty to promptly provide Plaintiff with a full and conflict-free

23  defense of the *Love/Ballon* Claims, and that Defendants owe a duty to indemnify

24  Pulte for damages arising out of the work or operations of Defendants' Named

25  Insured Subcontractors.

26      91.     Plaintiff is informed and believes that Defendants contend otherwise.

27      92.     In addition, an actual controversy exists between Plaintiff and USIC in

28  that Plaintiff contends that USIC has a duty to defend the *Love/Ballon* Claims in

their entirety, that a conflict of interest exists or potentially exists such that USIC has a duty to provide Plaintiff with independent counsel selected by Plaintiff and paid for by USIC to defend the *Love/Ballon* Claims in their entirety, and that USIC has a duty to reimburse Plaintiff for all post-tender defense costs through the date of association of appointed counsel.

93.    Plaintiff is informed and believes that USIC contends otherwise.

94.    Pulte seeks a judicial resolution of the controversies and a declaration of the following:

i. Pulte is an additional insured under each of Defendants' policies;

ii. Defendants have a duty to fully defend Pulte against the *Love/Ballon* Claims; and

iii. Defendants have a duty to indemnify Pulte for damages arising out of the work or operations of Defendants' Named Insured Subcontractors.

iv. USIC has a duty to fully defend Pulte against the *Love/Ballon* Claims, that a conflict of interests exists or potentially exists such that USIC has a duty to provide Plaintiff with independent counsel selected by Plaintiff and paid for by USIC to defend the Love/Ballon Claims in their entirety, and that USIC has a duty to reimburse Plaintiff for all post-tender defense costs through the date of association of appointed counsel.

95.    A declaratory judgment is both proper and necessary so that the respective rights, duties, and obligations of Plaintiff and Defendants may be determined.

## SECOND CAUSE OF ACTION

### Breach of Contract – Duty to Defend

### (By Pulte Against All Defendants)

96.    Pulte realleges the allegations contained in the preceding paragraphs and incorporates them by reference as though fully set forth herein.

97.    Pulte requested Defendants defend Pulte against the *Love/Ballon*

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Claims under the insurance policies each of Defendants issued to their respective Named Insured Subcontractors, as described more fully above. Pulte has performed all obligations owing under each of the policies in connection with its tender of defense, and Pulte has satisfied all relevant conditions precedent or has been excused therefrom.

98.    Defendants have failed to discharge their contractual duties to defend Pulte against the *Love/Ballon* Claims. More particularly, Defendants: (1) breached their contracts by failing to promptly respond to Pulte's tenders, if they responded at all; (2) breached their contracts by refusing to provide Pulte with a defense; and (3) breached their contracts by refusing to fully investigate Pulte's tender.

99.    USIC further breached its contractual duties to defend Pulte against the Love/Ballon Claims by (1) unreasonably delaying in its acceptance of a defense and its attempt to improperly assign defense counsel; (2) by unreasonably limiting its defense duties to its "equitable share"; (3) by refusing to provide Pulte with independent counsel despite the existence of a conflict requiring appointment of Cumis counsel; and (4) by refusing to pay for Pulte's defense costs through the date appointed defense counsel finally associated into the case.

100.    As a direct and proximate result of Defendants' conduct, Pulte has been damaged and will continue to be damaged in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### Breach of Contract – Duty to Indemnify

### (By Pulte Against All Defendants)

101.    Pulte realleges the allegations contained in the preceding paragraphs and incorporates them by reference as though fully set forth herein.

102.    Pulte requested that Defendants indemnify it against the *Love/Ballon* Claims under the insurance policies each of the Defendants issued to their respective Named Insured Subcontractors, as described more fully above. Pulte has performed all obligations owing under each of the policies in connection with its tender of

indemnity, and Pulte has satisfied all relevant conditions precedent or has been excused therefrom.

103.   Defendants have failed to discharge their contractual duties to indemnify Pulte against the *Love/Ballon* Claims. More particularly, Defendants breached their contracts by: (1) wrongfully denying that they have a duty to indemnify Pulte; (2) refusing to fund a settlement with the homeowners; and (3) refusing to offer settlement monies in response to reasonable demands by Pulte that they pay certain settlement amounts attributable to the damages that the homeowners in the *Love/Ballon* Claims are seeking from Pulte for property damage arising out of Defendants' respective Named Insured Subcontractors' work.

104.   As a direct and proximate result of Defendants' conduct, Pulte has been damaged and will be continued to be damaged in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION

### (Bad Faith)

### (By Pulte Against All Defendants)

105.   Pulte realleges the allegations contained in the preceding paragraphs and incorporates them by reference as though fully set forth herein.

106.   Each of the Defendants owes duties to act honestly and in good faith with its insureds, including additional insureds, and to reasonably conduct a timely and fair investigation and evaluation of claims.

107.   Each of the Defendants failed to timely investigate and properly evaluate Pulte's tender of its defense and indemnity of the *Love/Ballon* Claims, which is unreasonable under the circumstances and constitutes bad faith breaches of their duties to act honestly and in good faith and to reasonably conduct a timely and fair investigation and evaluation of Pulte's claims.

108.   Each of the Defendants has unreasonably delayed and/or denied Pulte's request for defense and indemnity, including but not limited to failing and refusing to provide an immediate, full, and complete defense to Pulte.

PAYNE & FEARS LLP

Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

109.   In addition, USIC unreasonably attempted to limit its defense duties, refused to provide Pulte with independent counsel, and refused to reimburse Pulte for post-tender defense costs.

110.   Each of the Defendants' reasons for delay and/or denial of Pulte's claims are frivolous and unfounded.

111.   The conduct of Defendants constitutes bad faith, malicious, willful, reckless, and wanton conduct warranting an award of compensatory and punitive damages.

112.   Defendants, by and through their officers, directors, and/or managing agents, authorized or ratified the wrongful acts of their employees and/or agents as herein described or knew in advance that the employees and/or agents were likely to commit such acts, and employed and/or engaged them with conscious disregard of the rights of others.

113.   As a direct and proximate result of such breaches by Defendants, Pulte has been injured and has suffered and continues to suffer damage in an amount as yet to be fully ascertained. Such damages include, but are not limited to, investigative defense fees and costs, including attorneys' fees incurred in defending the *Love/Ballon* Claims; attorneys' fees and costs incurred to obtain the benefits of Pulte's coverage as an insured; loss of use of funds; and other foreseeable damages in a total sum to be determined at the time of trial, including pre-judgment interest at the legal rate.

114.   Defendants' conscious and deliberate conduct is despicable and has been carried out in willful and conscious disregard of Pulte's rights and with the intent to vex, injure, or annoy Pulte and in conscious disregard of Pulte's rights. Accordingly, Defendants' conduct entitles Pulte to punitive damages in an appropriate amount to punish Defendants and deter such conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Pulte prays for judgment against Defendants as follows:

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**FIRST CAUSE OF ACTION**

a.   For declaratory relief as described above;

b.   For all costs and expenses at the full extent permitted by law;

c.   For pre-judgment interest and post-judgment interest at the full extent permitted by law;

d.   For attorneys' fees to the extent recoverable by applicable law; and

e.   For such other and further relief as the Court deems fair and proper.

**SECOND CAUSE OF ACTION**

a.   For general and specific damages in an amount to be proven at trial;

b.   For punitive damages at the full extent permitted by law;

c.   For all costs and expanse at the full extent permitted by law;

d.   For pre-judgment interest and post-judgment interest at the full extent permitted by law;

e.   For attorneys' fees to the extent recoverable by applicable law, which shall be taxed against Defendants as costs; and

f.   For such other and further relief as the Court deems fair and proper.

**THIRD CAUSE OF ACTION**

a.   For general and specific damages in an amount to be proven at trial;

b.   For punitive damages at the full extent permitted by law;

c.   For all costs and expanse at the full extent permitted by law;

d.   For pre-judgment interest and post-judgment interest at the full extent permitted by law;

e.   For attorneys' fees to the extent recoverable by applicable law,

1    which shall be taxed against Defendants as costs; and

2    f.    For such other and further relief as the Court deems fair and

3    proper.

4    **FOURTH CAUSE OF ACTION**:

5    a.    For general and specific damages in an amount to be proven at

6    trial;

7    b.    For punitive damages at the full extent permitted by law;

8    c.    For all costs and expenses at the full extent permitted by law;

9    d.    For pre-judgment interest and post-judgment interest at the full

10    extent permitted by law;

11    e.    For 10% per annum of the amount of Pulte's claim;

12    f.    For attorneys' fees to the extent recoverable by applicable law,

13    which shall be taxed against Defendants as costs; and

14    g.    For such other and further relief as the Court deems fair and

15    proper.

16    DATED:  September 16, 2025        PAYNE & FEARS LLP
                                        Attorneys at Law

17

18

19                                     By:    _/s/ Sarah J. Odia_

20                                             SCOTT S. THOMAS
                                               SARAH J. ODIA
21                                             SARAH P. LONG

22
                                        Attorneys for Plaintiff Pulte Home
23                                      Company, LLC

24

25

26

27

28

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## **DEMAND FOR JURY TRIAL**

Pursuant to Local Rule 38-1 and Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Pulte Home Company, LLC, respectfully requests a jury trial on all issues so triable.

DATED:  September 16, 2025      PAYNE & FEARS LLP
Attorneys at Law


By:    _/s/ Sarah J. Odia_
SCOTT S. THOMAS
SARAH J. ODIA
SARAH P. LONG

Attorneys for Plaintiff Pulte Home Company, LLC

4916-6644-8735.1

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

COMPLAINT